**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ARLISHIA SMITH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 2:25-cv-02119-TLP-tmp |
| v. | ) | |
| | ) | |
| PADGETT LAW GROUP and PLANET | ) | |
| HOME LENDING LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In February 2025, pro se Plaintiff Arlishia Smith ("Plaintiff") sued Padgett Law Group and Planet Home Lending LLC (collectively "Defendants") over the nonjudicial foreclosure of her residential home.[1] (ECF No. 1.) Under Administrative Order No. 2013-05, the Court referred this case to Chief Magistrate Judge Tu M. Pham ("Judge Pham") for management of all pretrial matters.

---

[1] Plaintiff asserts that her case here is a "removal… from the Bankruptcy Court of Tennessee." (ECF No. 1 at PageID 1.) In making this claim, Plaintiff references her case in the Bankruptcy Court for the Western District of Tennessee for Chapter 13 protections and cites 28 U.S.C. § 1452. *See In re Arlishia R. Smith*, No. 24-bk-26224 (Bankr. W.D. Tenn.). But Judge Pham correctly decided that such removal would be procedurally improper. Indeed, "[r]emoval from a bankruptcy court to a district court is, generally, not proper because bankruptcy court is a 'unit of the district court.'" *Lee v. United States*, No. 1:24-CV-205, 2024 WL 4116458, at *2 (W.D. Mich. Sept. 9, 2024) (quoting *In re Conco, Inc.*, 855 F.3d 703, 709 (6th Cir. 2017)). Lastly, as Judge Pham explains, Plaintiff voluntarily dismissed her bankruptcy case in March 2025. *In re Arlishia R. Smith*, No. 24-bk-26224 (Bankr. W.D, Tenn Mar. 5, 2025) (ECF No. 30). Judge Pham therefore correctly construes this case as a new, independent action, rather than as a removal of her bankruptcy action. (ECF No. 21 PageID 160–61.) Because no party objected and for the reasons Judge Pham explained, the Court follows suit.

Defendants now move to dismiss Plaintiff's Complaint and they move to strike the Amended Complaint. (ECF Nos. 14, 15, 20.) Judge Pham reviewed these motions, and he entered a Report and Recommendation ("R&R") recommending that the Court grant the motions to dismiss and deny the motion to strike as moot. (ECF No. 21.)

Neither side objects to Judge Pham's R&R. So the Court reviews the R&R for clear error. As explained below, the Court finds no error in Judge Pham's analysis and **ADOPTS** the R&R. As a result, the Court **GRANTS** Defendants' motions to dismiss, **DENIES** as **MOOT** Defendants' motion to strike, and **DISMISSES** the case **WITH PREJUDICE**.

## BACKGROUND

In Feburary 2025, Plaintiff sued here and alleged that Defendants violated various statutes, the Due Process and Takings Clauses of the Fifth Amendment, and the First Amendment when they conducted the nonjudicial foreclosure of her property. (ECF No. 1 at PageID 2.) Judge Pham notes that the Complaint is hard to follow and sparse, and it cites statutes of questionable relevance and makes conclusory claims. (ECF No. 21 at PageID 160–61.) For example, Plaintiff alleges that Defendants' "actions, including the dual collateralization and failure to account for monetization of the promissory note, constitute violations of these protections." (ECF No. 1 at PageID 2.)

In March 2025, both Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(6). (ECF Nos. 14, 15.) Plaintiff failed to respond timely to the motions and so Judge Pham entered an Order to Show Cause. (ECF No. 17.) Following that Order, Plaintiff, without leave of Court, amended her Complaint with a document styled "Amended Petition to Strike Unlawful Attorney Actions and Claims for Damages under Federal Law and Constitutional Authority." (ECF No. 19.) With this "Amended Complaint," Plaintiff added

claims that Defendants violated several constitutional amendments, including the Fourth, Ninth, and Tenth Amendments. (*Id*. at PageID 149.) She also added a Fair Debt Collections Practices Act claim under 15 U.S.C. § 1692c(a). (*Id*. at PageID 150.) Plaintiff then responded in opposition to Defendants' motions to dismiss. (ECF No. 18.) And Defendants now move to strike the Amended Complaint, arguing it is redundant and procedurally improper. (ECF No. 20.)

## THE R&R

After recounting the factual and procedural history, Judge Pham analyzed the relevant standard of review. (ECF No. 21.) Judge Pham then reviewed Defendants' motions to dismiss and assessed whether Plaintiff stated claims for which relief may be granted. (*Id.*) In the interest of justice and completeness, Judge Pham reviewed and analyzed both Plaintiff's Complaint and Amended Complaint. (*Id.*) In the end, Judge Pham found that Plaintiff failed to provide an adequate factual basis for any of her claims. (*Id.*) What is more, Judge Pham found that Plaintiff's constitutional claims should fail because she did not allege state action by Defendants. (*Id.*) The Court next recites the relevant legal standards and then explains why it adopts the R&R.

## LEGAL STANDARD

When deciding whether a complaint states a claim on which relief can be granted, courts apply the standard of Federal Rules of Civil Procedure 8 and 12(b)(6) as explained by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, "[a]

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court must "construe the complaint in the light most favorable to the plaintiff, accept

its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v.*

*Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 444 (2022) (citation

omitted). But courts ruling on a motion to dismiss need not accept "legal conclusions or

unwarranted factual inferences." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir.

2021) (quoting *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017)). Instead, the

"complaint must contain direct or inferential allegations respecting all the material elements

under some viable legal theory." *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019)

(quoting *Commercial Money Ctr. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."[2] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Courts must "liberally construe[]" pleadings filed by pro se plaintiffs and hold them to

"less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (citation omitted). But this "lenient treatment . . . has limits." *Pilgrim v.*

*Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.

1991)). Pro se plaintiffs must still plead enough "*factual matter*, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir.

2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). District courts are not "required to

---

[2] As for discovery, a plaintiff with no facts and "armed with nothing more than conclusions"
cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79.

create" a pro se plaintiff's claim for him.  *Payne v. Sec'y of the Treasury*, 73 F. App'x. 836, 837

(6th Cir. 2003).

A magistrate judge may submit proposed findings of fact and recommendations to a

district court judge for the determination of certain pretrial matters, including dismissal of an

action for failure to state a claim.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after

being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see

also* 28 U.S.C. § 636(b)(1).

If a party does not object, then a district court reviews a report and recommendation for

clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1)(C).  Judge Pham entered his R&R on May 02, 2025, and no party

objected.  (ECF No. 21.)  The Court therefore reviews the R&R for clear error.

### DISPOSITION

Having reviewed Judge Pham's R&R for clear error, the Court finds none.  As a result,

the Court **ADOPTS** the R&R, **GRANTS** Defendants' motions to dismiss, and **DENIES** as

**MOOT** Defendants' motion to strike.

### I.    Plaintiff's Constitutional Claims

First, Judge Pham found that Plaintiff's constitutional claims fail because Plaintiff does

not allege any state action as part of the foreclosure of her property.  (ECF No. 21 at PageID

164.)  Indeed, foreclosures initiated by private lenders do not constitute state action.  *See Bryson

v. Newrez LLC*, No. 2:24-cv-02445-MSN-tmp, 2025 WL 903841, at *3 (W.D. Tenn. Mar. 25,

2025) (citing *Johnson v. Wells Fargo Bank*, N.A., No. 2:18-cv-2644-JPM-cgc, 2018 WL

6521583, at *3 (W.D. Tenn. Oct. 30, 2018)).  And so Defendants' actions here cannot give rise

to constitutional violations.  The Court therefore agrees with Judge Pham's analysis and

**DISMISSES** Plaintiff's constitutional claims.

## II.    Plaintiff's Statutory Claims

Judge Pham also considered Plaintiff's statutory claims.  As Judge Pham notes, many

statutes that Plaintiff cites have questionable relevance.[3]  In any event, as Judge Pham explained

, to survive a motion to dismiss, a complaint must contain enough factual matter to state a

plausible claim to relief.  (ECF No. 21 at PageID 164.)  In both her initial and amended

complaints, Plaintiff offers only legal conclusions and vague references to facts.  (*Id*.)  Without

more, these allegations do not satisfy the pleading requirements set forth in *Iqbal* and *Twombly*.

Accordingly, the Court agrees with Judge Pham and finds that Plaintiff fails to assert a claim for

which relief can be granted.  The Court therefore **DISMISSES** Plaintiff's statutory claims.[4]

## III.   Plaintiff's Amended Complaint and Motion to Strike

Defendants move to strike the Amended Complaint because Plaintiff filed it without

leave of Court.  (ECF No. 20.)  Judge Pham recommends this Court deny the motion to strike as

---

[3] Judge Pham explains how Plaintiff refers to the preamble of a 1940 joint resolution from
Congress declaring the third Sunday of each May as Citizenship Day to "recogniz[e] the
significance of attaining the age of twenty-one years as the basis for full citizenship and rights in
the self-governing Republic."  (ECF No. 1 at PageID 3); *see* H.R.J. Res. 437, 76th Cong. (1940).
Plaintiff also references Section 412, a part of the Federal Reserve Act, to allege an "improper
assertion of liability despite satisfaction of the debt obligation."  12 U.S.C. § 412.  (*Id.* at PageID
2.)  But Judge Pham points out Section 412 does not create a private right of action.  *See Algee v.
BA Credit Card Funding, LLC*, No. 3:24-CV-00156-NJR, 2024 WL 5298644, at *2 (S.D. Ill.
Dec. 18, 2024); *John Lewis v. Synchrony Bank*, No. 2:24-CV-0110-DC-JDP (PS), 2025 WL
1400270, at *2 (E.D. Cal. May 14, 2025) (collecting cases).
[4] Furthermore, even if Plaintiff has brought an independent wrongful foreclosure claim, Judge
Pham correctly notes that the claim must fail because "the Tennessee Supreme Court… [has]
held that wrongful foreclosure is not an independent common law cause of action."  *Bryson v.
Newrez LLC*, No. 2:24-cv-02445-MSN-tmp, 2025 WL 903841, at *2 (W.D. Tenn. Mar. 25,
2025) (citing *Case v. Wilmington Trust, N.A.*, 703 S.W.3d 274, 295-96 (Tenn. 2024)).

moot.[5]   Like Judge Pham, this Court finds that Plaintiff failed to state a claim even when

considering the Amended Complaint.  The Court thus **ADOPTS** Judge Pham's recommendation

and **DENIES AS MOOT** Defendants' motion to strike.

**CONCLUSION**

For the reasons explained, the Court **ADOPTS** the R&R, **GRANTS** the motions to

dismiss, and **DENIES** as **MOOT** the motion to strike.  The Court thus **DISMISSES** this case

**WITH PREJUDICE**.

SO ORDERED, this 26th day of June, 2025.

         s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[5] In reviewing the motions to dismiss, Judge Pham considered both the initial and amended
complaints.  (ECF No. 21 at PageID 162.)  And this Court did the same in its analysis above.